BOLIN, Judge.
This case is before us on an alternative writ of mandamus from this Court to the City Court of Shreveport, Louisiana, ordering such court to show cause why its order, transferring and consolidating the case with a similar action in the District Court of Caddo Parish, Louisiana, should not be annulled and set aside.
Thomas Gilmer’s house trailer, insured by Calvert Fire Insurance Company, was damaged by vandalism. He made demand on his insurer for payment of these damages and the company, exercising one of the options under the policy, elected to have the trailer repaired. These repairs were first made by Perry Hickman, doing business as Hickman’s Trailer Service. After Hickman made the repairs, either Gilmer or the insurance company was not satisfied and Jewella Garage, Paint & Top Company was contacted about repairing the trailer. Jew-ella did some work on the trailer and, not having received payment therefor, instituted the present suit against Gilmer in City Court for the sum of $208.08 as the amount allegedly due it for the work performed. Defendant, in his answer, denied the repairs and also filed a third party petition making Calvert a party defendant. Calvert in its *123 answer denied it had contracted with Jewel-la to make any repairs to Gilmer’s trailer.
While the city court case was thus pending, Perry Hickman filed a suit against Gil-mer in the Caddo Parish District Court for the amount allegedly due him for repairs on the trailer. Upon learning of the case pending in the district court, Calvert and Gilmer jointly filed a motion in the City Court to have that case transferred and consolidated with the district court case. Over the opposition of Jewella Garage, Paint & Top Company, the City Court issued an order transferring and consolidating the case with the pending litigation in the First Judicial District Court of Caddo Parish. From this order, plaintiff sought and obtained an alternative writ of mandamus from this court directing the City Court to show cause why the order transferring and consolidating the case with the one in Caddo Parish District Court should not be annulled and set aside.
We know of no law authorizing the transfer of this case from the City Court to the District Court. The law cited to us permitting the transfer of a case from one trial court to another is contained in Articles 121 and 122 of the LSA-Code of Civil Procedure which are as follows :
Article 121:
'“When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.”
Article 122:
'“Any party by contradictory motion may obtain a change of venue upon proof that he cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause. If the motion is granted, the action shall be transferred to a parish wherein no party is domiciled.”
Article 121 provides for a transfer of cases where the initial action was brought in. an improper venue. Article 122 relates to the transfer of cases where a fair trial cannot be had in the court where the suit was initially filed because of prejudice or similar reasons. Neither of these articles are applicable to this case. It is conceded the City Court has jurisdiction to try the instant case and the question of venue has not been raised. Likewise no question of prejudice or other related objections are involved.
Respondents, apparently realizing the lack of any other statutory authority for the transfer, have cited us to Article 21 of LSA-Civil Code, which provides:
“In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”
The above article clearly has no application to the case under consideration, because the law expressly permits plaintiff to sue Gilmer at his domicile which is Shreveport, Louisiana, and within the jurisdiction of the City Court.
In essence, what respondents are attempting to do in the instant case is to consolidate these two actions in the District Court for their own convenience. While this might be more convenient for respondents, and while we might speculate as to whether it would be a fair solution to the problem, we have been cited to no law depriving this plaintiff of a right and privilege to litigate its case in the City Court of Shreveport which admittedly has jurisdiction.
For the reasons stated, the alternative writ of mandamus issued herein is made absolute. Accordingly, the order of the City Court of Shreveport, Louisiana, dated December 5, 1963, directing that this case be transferred to the docket of the District *124 Court in and for Caddo Parish, Louisiana, and consolidated with the case there pending is annulled and set aside. The case is remanded to the City Court of the City of Shreveport for further proceedings not inconsistent with the law or the opinions expressed herein.
It is further ordered the respondents pay all costs of this Court, all other costs to await the final determination of the cause.
Annulled and remanded.