GLADNEY, Judge.
This appeal is from a judgment wherein jurisdiction of the City Court of Shreveport was declined on the ground that the amount in dispute was in excess of the jurisdiction of the Court.
The plaintiff, Teneha Oil Company, a judgment creditor of the defendant, Miles Caraway, for $336.27 with interest and costs, propounded interrogatories to its debtor whose answers indicated one A. M. Reburn was indebted to him on a personal note for $9,000. Therefore, plaintiff caused garnishment proceedings to issue and Re-burn answered denying any indebtedness. Upon a rule to traverse, the City Judge held the City Court of Shreveport was without jurisdiction inasmuch as the claim of Caraway against Reburn for $9,000 must be considered the amount in dispute.
The Louisiana Constitution, Article 7 § 51, subd. B., in defining the jurisdiction of city courts, in so far as applicable to Shreveport, authorizes the Legislature to enact laws:
“* * * conferring civil jurisdiction on City Courts in cities where the combined population of the city and the ward or wards of the parish where situated is twenty thousand inhabitants, or more, concurrent with that of the District Court, where the amount in dispute, or the value of the movable property involved, does not exceed One Thousand Dollars, inclusive of interest and attorney fees; * * *”
Article 4834 of the LSA-Code of Civil Procedure, the enabling act, carried out this constitutional mandate. In the instant case the jurisdiction of the City Court of Shreveport is determined by the amount of the judgment of the Teneha Oil Company against Miles Caraway which is the amount in dispute. Article 4 of the LSA-Code of Civil Procedure provides:
“When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff.”
Thus the amount to be considered in determining jurisdiction would be the amount of the debt as demanded by plaintiff.
The trial court erred in declining jurisdiction. Accordingly, the judgment appealed from is annulled, set aside and reversed, and it is ordered that the case be remanded to the City Court of Shreveport for a decision upon the merits of the rule to traverse not inconsistent with the views expressed herein.
The appellee is assessed with costs of this appeal, other taxation of costs shall await the final determination of the case.