BOLIN, Judge.
Plaintiff sued defendant in the Bossier City Court for $795.60, the amount allegedly due for rental of equipment. By answer and reconventional demand defendant admitted entering into a rental agreement with plaintiff, thereby incurring an indebtedness of the amount sued for, but reconvened for “an adjusted balance of $770.40” claiming breach of a contract to timely deliver a large “walk-in cooler”. Clark filed a motion for summary judgment, on the ground Southern had admitted the indebtedness of $795.60 originally sued for, and also filed an exception of lack of jurisdiction over the subject matter of the re-conventional demand because the demand exceeded the $1,000.00 jurisdictional amount of the city court. From separate judgments sustaining the motion for summary judgment and the exception defendant, plaintiff in reconvention, appeals.
The sole issue is whether the reconven-tional demand reflects an amount in dispute which exceeds $1,000.00.
Louisiana Constitution Art. VII § 51 authorizes the creation of city courts and permits the legislature to pass laws conferring jurisdiction on these courts. All counsel, in briefs, concede the Bossier City Court is governed by Louisiana CCP Art. 4834 which grants it jurisdiction of cases “where the amount in dispute” does not exceed $1,000.00, exclusive of interest and attorneys fees. Other pertinent articles of the Louisiana Code of Civil Procedure are:
Art. 4. “When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff.
“Except as otherwise provided by law, the amount in dispute consists of the principal sum, and the attorney’s fees and penalties provided by agreement or by law, demanded by the plaintiff. Interest and court costs are not a part of the amount in dispute.” (Emphasis supplied)

Art. 1036. “A court shall have the jurisdiction over an incidental demand only if it would have had jurisdiction over the demand had it been instituted in a separate suit. The only exceptions to this rule are those provided in the state constitution.”

Art. 1062. “Compensation may be asserted in the reconventional demand.”

After Southern had admitted in its answer the rental agreement with Clark, whereby it became obligated for the $795.60 sued for, it reconvened for the breach of an alleged contract with Clark relative to a “walk-in” cooler, claiming damages allegedly occasioned by the late delivery of the cooler. The controversial portion of the reconventional demand is:

9.
“As a result of defendant in recontention’s (sic) late delivery of equipment, plaintiff in reconvention was unable to complete his job until August 28, 1964, and incurred liquidated damages in the amount of $1,566.00.
10.
“Despite amicable demand, defendant in reconvention has not paid plaintiff in reconvention any of the $1,566.00 and *389 now owes him an adjusted balance of $770.40.
“WHEREFORE, defendant, Southern Mechanical Contractors, Inc. prays that the demands of plaintiff, Clark Equipment Company be rejected at its costs.
“Appearing as plaintiff in reconvention, Southern Mechanical Contractors, Inc. prays that it be awarded judgment in the amount of $770.40, plus legal interest from date of judicial demand, and for all costs of these proceedings.”
We have not been cited to any cases directly in point. However, it seems clear to us plaintiff in reconvention never “demanded” $1,566.00. On the contrary Southern set forth that Clark was originally indebted to it for that amount but, because Southern admittedly owed Clark $795.60, the “adjusted balance” was $770.40. The latter amount is the only sum “demanded” either in the allegations or prayer of the reconventional demand. We find the demand in reconvention does not exceed the jurisdictional amount of the Bossier City Court.
For the reasons assigned the judgment of the lower court sustaining the motion for a summary judgment and the exception of lack of jurisdiction over the subject matter of the reconventional demand are annulled and the motion and exception are overruled. The case is remanded to the City Court, Ward Two, Bossier Parish, Louisiana, for further proceedings not inconsistent with the views herein expressed.
Costs of this appeal are assessed against Clark Equipment Company, all other costs to await final termination of the case.
Reversed and remanded.