HALL, Judge.
Alternative writs of certiorari, prohibition and mandamus were granted to review an order of the City Court of Shreveport transferring this, action to the First Judicial District Court for Caddo Parish.
*542 , Plaintiff, Robert Williams, sued defendant, Marie Whitmeyer, in Shreveport City Court for $650, the balance allegedly due on a contract pursuant to which plaintiff installed a driveway at defendant’s residence for a total price of $1,250. Defendant answered denying she' owed anything on the contract because the driveway was inadequate and reconvened seeking return of her $600 deposit and $1,250 as damages, being the amount she allegedly would have to pay for a new driveway. Attached to defendant’s answer and reconventional demand was an order transferring the proceedings to the First Judicial District Court, which order was signed ex parte by the city judge.
Plaintiff filed a rule to show cause in city court why he should not be allowed to proceed with his original action and why the defendant’s reconventional demand should not be dismissed for lack of jurisdiction. Plaintiff also filed an exception to the court’s jurisdiction over the recon-ventional demand as beyond the court’s jurisdictional limit of $1,000.
After a hearing, the city judge ruled in favor of defendant and plaintiff-in-recon-vention and again ordered the proceedings transferred to the district court. Plaintiff applied to this court for writs, which were granted.
Plaintiff argues that the transfer of his action is without authority. He contends that his $650 claim is clearly within the $1,000 jurisdictional limit of the city court as established by LSA-C.C.P. Art. 4834 and his choice of forum cannot be defeated because of a reconventional demand exceeding the jurisdiction of the city court.
Defendant argues that the entire amount actually in dispute as disclosed by the original petition and the petition in reconvention should be considered in determining jurisdiction and that transfer of the entire case to the district court is authorized under these circumstances by LSA-C.C.P. Art. 932.
LSA-C.C.P. Art. 4 provides:
“When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff.
“Except as otherwise provided by law, the amount in dispute consists of the principal sum, and the attorney’s fees and penalties provided by agreement or by law, demanded by the plaintiff. Interest and court costs are not a part of the amount in dispute.”
The city court has jurisdiction over plaintiff’s original demand. The amount demanded in good faith by the plaintiff is the amount in dispute for purposes of determining jurisdictional amount. The amount demanded by the plaintiff is $650, the balance allegedly due on the contract. Thus, $650 is the determinative amount when considering jurisdiction of plaintiff’s original suit, not the original contract price of $1,250 or the amount of the reconven-tional demand.
Support for this holding is found in Teneha Oil Company v. Caraway, 171 So.2d 683 (La.App. 2d Cir. 1965) and Clark Equipment Company v. Southern Mechanical Contractors, Inc., 203 So.2d 387 (La. App. 2d Cir. 1967). In Teneha, the court held the amount. of the judgment which plaintiff sought to collect from the defendant by garnishment proceedings was the amount in dispute, not the amount owed by the garnishee to the defendant.
In Clark, the plaintiff sued in city court for $795.60 as the balance due on a contract. By reconventional demand the defendant admitted owing plaintiff the $795.-60 but claimed damages of $1,566 and sought judgment for the adjusted value of $770.40. In determining jurisdiction of the city court over the reconventional demand, this court held that the determinative amount under LSA-C.C.P. Art. 4 was the amount demanded by the plaintiff-in-recon- *543 vention, $770.40 and not the total claimed as damages, and the city court had jurisdiction.
Defendant’s reconventional demand wherein she seeks judgment for $1,850 is beyond the jurisdiction of the city court. LSA-C.C.P. Art. 1036 provides that a court has jurisdiction of an incidental demand “ . . . only if it would have had jurisdiction over the demand had it been instituted in a separate suit.” Under LSA-C.C.P. Art. 4 the amount demanded by the plaintiff-in-reconvention determines jurisdiction. Had plaintiff-in-reconvention brought a separate suit for $1,850, the city court would not have jurisdiction, and it consequently does not have jurisdiction of the incidental demand in this case. Defendant-in-reconvention’s declinatory exception of lack of jurisdiction over the re-conventional demand should have been sustained.
LSA-C.C.P. Art. 932 provides that when a declinatory exception: is sustained in an action brought in a court of improper jurisdiction the action shall be dismissed or the court may transfer the action to a proper court in the interest of justice. The city court had discretion to transfer the reconventional demand to the district court. Article 932 does not, however, authorize transfer of plaintiff’s action, of which the city court has jurisdiction, to the district court. There is no authority for a trial court transferring a case within its jurisdiction in situations such as this. A plaintiff’s choice of forum is not to be undermined by the defendant reconvening with a claim outside the jurisdiction of the court in which plaintiff has chosen to pursue his claim.
A case close in point is Jewella Garage, Paint & Top Company v. Gilmer, 161 So. 2d 122 (La.App. 2d Cir. 1964). In that case we held the transfer of a case within the jurisdiction of the city court improper where it was done to facilitate consolidation of related cases, one of which had been brought in city court and one in district court.
Defendant argues it would best serve judicial economy and efficiency to transfer the case to one court with jurisdiction over the entire controversy between the parties. This may well be true, but our procedural law does not so provide. The transfer authorized by LSA-C.C.P. Art. 932 is the transfer of the reconventional demand of which the court has no jurisdiction. Plaintiff’s original action, within the jurisdictional limits of the city court, cannot be transferred.
That part of the trial court’s order transferring defendant’s reconventional demand is affirmed. That part of its order transferring plaintiff’s original action to the First Judicial District Court is set aside. The case is remanded to the city court for further proceedings consistent with the views expressed herein. The respondent shall pay all costs of this court, all other costs to await final determination of the cause.
Annulled in part, affirmed in part, and remanded.