# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1416

A FUSELIER BONDING SERVICE, INC.

VERSUS

CARLOS JASON PEREZ

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
LAKE CHARLES CITY COURT
LAKE CHARLES CITY COURT, NO. 2007-2294
HONORABLE THOMAS P. QUIRK, CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

**Robert William Collings**
**Collings & Collings**
**3434 Common Street**
**Lake Charles, LA 70607**
**(337) 477-4725**
**Counsel for Plaintiff/Appellee:**
**A Fuselier Bonding Service, Inc.**

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence St.**
**Lake Charles, LA 70601**
**(337) 439-6930**
**Counsel for Defendant/Appellant:**
**Carlos Jason Perez**

**SAUNDERS, Judge.**

This is a bond forfeiture case where the principal on a bond was subsequently arrested in another jurisdiction. The bond company filed suit in Lake Charles City Court (hereinafter "LCCC") against the surety on the bond to enforce its rights under the agreements signed by it and the surety.

The surety responded by filing a reconventional demand individually and as class representative of any Louisiana citizen that had to pay the bond company any recovery fees. The LCCC found that the surety was liable to the bond company for $370.13 in expenses, $500.00 representing a minimum recovery fee, $25.00 representing an NCIC fee, and $500.00 in attorney's fees. Further, the LCCC dismissed both the surety's individual and representative reconventional demands with prejudice. The surety has appealed, asserting that under former La.R.S. 15:87, the bond company could not collect from him and that the LCCC should have transferred the entire matter to the district court because his representative reconventional demand was in excess of the LCCC's subject matter jurisdiction. We affirm in part, reverse in part, and render.

**FACTS AND PROCEDURAL HISTORY:**

Anthony James Perez (hereinafter "Anthony") was charged with third offense DWI on November 18, 2003. His bond on the charge was set at $15,000.00. Anthony's bond was issued by Safety National Casualty Corporation to insure his appearance in court. Joseph Fuselier acted as the agent for Safety National Casualty Corporation and A. Fuselier Bonding Service, Inc. (Safety National Casualty Corporation, A. Fuselier Bonding Service, Inc., and Joseph Fuselier, hereinafter collectively referred to as "Fuselier"). Anthony's brother, Carlos Jason Perez (hereinafter "Carlos"), signed multiple agreements in favor of Fuselier in conjunction

with the bond transaction, including a document entitled "Bail Bond Indemnitor's Promises," a document entitled "Conditions of Bond," a document entitled "Fuselier Bonding Services," and a document entitled "Bail Bond Agreement, Indemnity Agreement and Contract of Guaranty."

Anthony then left Louisiana and subsequently was arrested and incarcerated in Texas. Anthony did not appear for his trial in Louisiana due to his Texas incarceration. A bench warrant and bond forfeiture was ordered and then subsequently set aside via judgments.

Fuselier filed suit against Carlos seeking to enforce its rights under the agreements between the parties. Carlos responded, *inter alia*, by filing an individual reconventional demand and a representative reconventional demand on behalf of a class that he defined as all Louisiana citizens that paid Fuselier any "recovery fees." In that representative reconventional demand, Carlos asserted that Fuselier's "recovery fees" were in the amount of $1,500.00 and that Fuselier issued hundreds of bonds per year in Louisiana.

A trial was held in the LCCC. The LCCC issued a judgment that awarded Fuselier $370.13 as expenses, $500.00 as a minimum recovery fee, $25.00 as an NCIC fee, and $500.00 in attorney's fees under the agreements. Further, the LCCC dismissed, with prejudice, both of Carlos' reconventional demands. Carlos has appealed.

**ASSIGNMENTS OF ERROR:**

In brief, Carlos asserts the following two assignments of error for this court to consider:

1.  The bond forfeiture is null and void and provides no basis for the liability by the guarantor rendering the judgment an error of law.

2

2.     The court erred in refusing to transfer this entire matter to the district court.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Carlos contends in his first assignment of error that the LCCC erred as a matter of law in finding that he was liable to Fuselier given that the bond forfeiture is null and void. We find no merit to this contention.

Carlos' argument in this assignment of error raises a question of law. Such questions of law are reviewed de novo to determine whether the lower court was legally correct in its judgment. *Guillory v. Allied Waste Indus., Inc.*, 10-159 (La.App. 3 Cir. 10/6/10), 47 So.3d 23.

Carlos' contention is based on an argument that the LCCC did not properly consider the ramifications of the application of former La.R.S. 15:87, now La.Code Crim.P. art. 349.9,[1] to the factual situation before us. Former La.R.S. 15:87 stated:

---

[1] Louisiana Code of Criminal Procedure Article 349.9 states:

    A. A judgment decreeing the forfeiture of an appearance bond shall not be rendered if it is shown to the satisfaction of the court that the defendant, principal in the bond, is prevented from attending because of any of the following:

        (1) He has a physical disability, illness, or injury.

        (2) He is being detained in the jail or penitentiary of another jurisdiction.

        (3) He is serving in the armed forces of the United States.

        (4) He is a member of the Louisiana National Guard called to duty pursuant to R.S. 29:7. This provision does not apply to appearances in a state military court.

    B. An affidavit by the jailer, warden, or other responsible officer where the principal is detained, or commanding officer, attesting to the cause of the failure to appear of the defendant shall be considered adequate proof of the inability to appear by the defendant.

    C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for any reason enumerated in this Article, and if the

3

A.  No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:

(1)  He has a physical disability, illness, or injury.

(2) He is being detained in the jail or penitentiary of another jurisdiction.

(3) He is serving in the armed forces of the United States.

B.   A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.

C.  If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.

According to Carlos, the principal obligation between the parties is the May 30, 2007 judgment of appearance bond forfeiture.  Because that judgment was rendered null and void by La.R.S. 15:87(C), there lacks a basis for Fuselier to impose the accessorial obligations from any of the agreements he signed as Anthony's surety. This argument lacks merit.

Carlos' characterization of the judgment of appearance bond forfeiture as the principle obligation whose voidance renders all agreements between him and Fuselier null is unfounded. Regardless of whether the judgment of bond forfeiture is null and

---

defendant or his sureties file a motion to set aside the judgment of bond forfeiture within one hundred eighty days after the date of the mailing the notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for any cause enumerated in this Article, the court shall declare the judgment of bond forfeiture null and void.

void, Carlos is still bound, as Anthony's surety, by the terms of the agreements that he entered into with Fuselier. Paragraph 5 of the agreement entitled Bail Bond Agreement, Indemnity Agreement and Contract of Guaranty states the following, in pertinent part:

> The parties hereto agree that the following acts shall constitute default under this contract and no notice or placing in default shall be necessary by Company to Indemnitors prior to enforcing its legal rights herein, as time is of the essence as to this Agreement. Upon any of the following acts of default, Company shall at its option, have the right to exercise any rights which it may have under any collateral agreements and/or on the promissory note securing performance herein and/or any other right which Company may have at law.
>
> . . . .
>
> (c) The failure of the Defendant to refrain from engaging in any conduct that constitutes a violation of law or that may or does result in the Defendant's arrest on any other charge.
>
> . . . .
>
> (f) The failure of the Defendant to remain within the jurisdiction of the court, without first notifying the court and obtaining written permission from Company to remove himself from the jurisdiction of the court.

It is evident that Anthony violated both Paragraphs 5(c) and 5(f) of the Bail Bond Agreement, Indemnity Agreement and Contract of Guaranty, as he was subsequently arrested, a violation of Paragraph 5(c), in Texas, a violation of Paragraph 5(f). Under the clear language of Paragraph 5, Fuselier could pursue Carlos under the Bail Bond Agreement, Indemnity Agreement and Contract of Guaranty as "Indemnitor" of Anthony regardless of whether the bond forfeiture judgment was nullified by former La.R.S. 15:87(C). Accordingly, this assignment of error is without merit. We find no error by the LCCC in finding that Carlos can be held liable to Fuselier regardless of the judgment of appearance bond forfeiture being

5

rendered null and void by former La.R.S. 15:87.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Carlos asserts that the LCCC erred in refusing to transfer this entire matter to the district court. We do not agree.

Carlos' assertion is based on a contention that the LCCC lacked subject matter jurisdiction. Whether a court has subject matter jurisdiction is a question of law subject to a de novo review. *Chavers v. Bright Truck Leasing*, 06-1011 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141.

Louisiana Code of Civil Procedure Article 4843(E) establishes that "[i]n . . . the City Court of Lake Charles . . . the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed twenty-five thousand dollars." Louisiana Code of Civil Procedure Article 4845 states:

> A. (1) When a parish or city court has subject matter jurisdiction over the principal demand, it may exercise subject matter jurisdiction over any properly instituted incidental action arising out of the same transaction or occurrence from which the principal demand arose, regardless of the amount in dispute in the incidental demand. When a justice of the peace court has jurisdiction over the principal demand, it may exercise subject matter jurisdiction over a good faith incidental demand in the same manner as a parish or city court, except that if the amount in dispute of such incidental demand exceeds its jurisdictional amount, a justice of the peace court may not continue to exercise jurisdiction except for purposes of transferring the entire action as provided in this Section.
>
> (2) When an otherwise properly instituted incidental demand exceeds the subject matter jurisdiction of a parish or city court, the court may transfer the entire action to a court of proper jurisdiction.
>
> B. When a compulsory reconventional demand exceeds the jurisdiction of a parish or city court, and when any good faith incidental demand before a justice of the peace court exceeds the jurisdictional amount of the justice of a peace court, the court shall transfer the entire action to a court of proper jurisdiction. The party filing the incidental

6

demand that causes the justice of the peace court to transfer the action shall be responsible for payment of all costs for the transfer and shall make payment of the costs directly to the clerk of court of the transferee court within fifteen days of the filing of the incidental demand in the justice of the peace court

Carlos argues that when he filed a reconventional demand on his behalf and the behalf of others similarly situated, this entire matter transformed into a class action whose claims exceeded the jurisdiction of the LCCC. Therefore, according to Carlos, the LCCC erred in not transferring the entire matter to district court. This argument is misguided.

The amount demanded by the plaintiff is determinative of whether a court of limited jurisdiction has subject matter jurisdiction. *Williams v. Whitmeyer*, 327 So.2d 541 (La.App. 2 Cir.), *writ refused*, 330 So.2d 317 (La.1976); La.Code Civ.P. art. 4. Fuselier, as plaintiff, brought its claim against Carlos for approximately $5,000.00, an amount well within the LCCC's jurisdictional limit. Carlos, as plaintiff-in-reconvention, asserted that his individual claim against Fuselier was for a recovery of $1,500.00. Again, this amount is well within the LCCC's jurisdictional limit. Therefore, the LCCC was well within its power and authority to dismiss Carlos' individual reconventional demand with prejudice, as it seemingly found Carlos' individual claim to be without merit.

However, Carlos, as plaintiff-in-reconvention, asserted a claim as a representative of a class with the proposed definition of "[a]ll Louisiana residents who purchased bail bonds from Fuselier and who were damaged by paying additional fees, also called 'recovery fees.'" This asserted claim as a representative, when coupled with Carlos' allegation that Fuselier writes hundreds of appearance bonds per year and many of those customers have to pay "recovery fees," clearly exceeds the

7

jurisdictional limit of the LCCC. This results in either the application of La.Code Civ.P art. 4845 (A) or (B) depending on whether Carlos' representative reconventional demand is characterized as a compulsory reconventional demand.

If Carlos' representative reconventional demand is compulsory, then the LCCC erred in reaching any judgment in this case under La.Code Civ.P. art. 4845(B) that mandates transfer of the entire matter to a court of proper jurisdiction when a compulsory reconventional demand exceeds the jurisdictional limit of a court of limited jurisdiction. However, if Carlos' representative reconventional demand is not compulsory, then, under the permissive "may" language of La.Code Civ.P. art. 4845(A)(2), the LCCC has discretion whether to transfer the entire case or simply dismiss it.

A compulsory reconventional demand is a reconventional demand that arises out of the same "transaction or occurrence that is the subject matter of the principal action." La.Code Civ.P. art. 1061(B). We find that Carlos' representative reconventional demand is not compulsory. The principal action encompasses the dealings between Carlos and Fuselier. The principal action for claims of each class member that Carlos presumes he can represent involves the dealings between that class member and Fuselier. Thus, they do not arise from the same transaction or occurrence.

We now turn to whether the LCCC properly dismissed Carlos' representative reconventional demand with prejudice. Unless the action was knowingly filed in the wrong venue, the case should be transferred rather than dismissed. *Marler v. Petty*, 94-1851 (La. 4/10/95), 653 So.2d 1167. Here, Carlos certainly had knowledge that he was filing the representative reconventional demand in a venue without subject

8

matter jurisdiction, as he filed a motion to transfer the entire case to district court when he filed the representative reconventional demand. Thus, we find no error by the LCCC in dismissing his representative claim rather than granting Carlos' request to transfer the entire matter. However, the case before us presents this court with the question of whether a court that lacks subject matter jurisdiction can dismiss a claim with prejudice. We find that it cannot.

Louisiana Code of Civil Procedure Article 2 states that "[j]urisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." Further, La.Code Civ.P. art. 3 states, in pertinent part, that "[a] judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void." Louisiana Code of Civil Procedure Article 1673 states, "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."

In reading La.Code Civ.P. art. 2 with La.Code Civ.P. art. 3, when a court lacks subject matter jurisdiction, it lacks the ability to pass judgment on an action, and a judgment by a court that lacks subject matter jurisdiction is void with respect to an action it has no power to entertain. Here, the LCCC dismissed Carlos' representative reconventional demand with prejudice. A dismissal with prejudice bars an action from being reasserted in any forum under the principles of res judicata. *See Classen v. Hofmann*, 06-560 (La.App. 5 Cir. 11/28/06), 947 So.2d 76. We already determined that the trial court had no subject matter jurisdiction over that action. Thus, its

judgment on dismissing Carlos' representative reconventional demand with prejudice is improper. The LCCC does not have the power or authority to issue a judgment that bars Carlos from bringing the representative reconventional demand as a separate claim in a proper forum. Accordingly, we amend the LCCC's judgment to reflect that Carlos' representative reconventional demand is dismissed without prejudice.

**CONCLUSION:**

Carlos raised two assignment of errors. We find no error by the LCCC in its judgment that Fuselier can recover from Carlos under the entered-into agreements. We also find no error in LCCC's dismissal of Perez's individual reconventional demand with prejudice. However, we do find that the LCCC did not have the authority or power to dismiss Carlos' representative reconventional demand with prejudice. Thus, we reverse the LCCC's judgment dismissing Carlos' representative reconventional demand with prejudice and render judgment dismissing Carlos' representative reconventional demand without prejudice. Costs of these proceedings are to be divided equally between plaintiffs/appellees, A. Fuselier Bonding Company and Joseph Fuselier, and defendant/appellant, Carlos Jason Perez.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**