STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-581


VERMILION PARISH HURRICANE FLOOD PROTECTION &
DRAINAGE DISTRICT

VERSUS

CITY OF ABBEVILLE


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 92991 - B
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.


AFFIRMED.


James Isaac Funderburk
Funderburk & Herpin
P. O. Drawer 1030
Abbeville, LA 70511-1030
(337) 893-8140
COUNSEL FOR DEFENDANT APPELLEE:
    City of Abbeville

**Paul Gonsoulin Moresi, III**
**Attorney at Law**
**P. O. Box 1140**
**Abbeville, LA 70511-1140**
**(337) 898-0111**
**COUNSEL FOR PLAINTIFF APPELLANT:**
**Vermilion Parish Hurricane Flood Protection & Drainage District**

**SAUNDERS, Judge.**

This is a case where a district created by a parish policy jury attempted to call to election an ad valorem tax which would include the land located within a municipality. The municipality's city charter prohibits the police jury from taxing within its municipal limits unless for specified purposes. The ad valorem tax was not for one of those specified purposes.

The trial court held that the district could not call the election due to prohibition by the municipality's city charter. The district appeals this judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY:

On February 10, 2010, The Vermilion Parish Police Jury (VPPJ), acting as the governing authority of the Vermilion Parish Hurricane Flood Protection and Drainage District, Louisiana (the district), adopted a resolution calling for a parish wide election for consideration of imposing an ad valorem tax on all properties situated within Vermilion Parish. The purpose of this proposed tax was to improve flood protection, hurricane protection, and drainage.

This resolution was questioned as to legality by the City of Abbeville through its mayor and city council. According to Abbeville, this tax was in violation of Section 6 of its city charter.

In response, the district rescinded its February 10, 2010 resolution and filed suit on October 14, 2010. The petition was amended on February 22, 2011, to add the VPPJ as a party plaintiff in its capacity as the governing authority of the district.

After exceptions and stipulations not relevant to this appeal, the case was tried by the trial court on February 22, 2012. At the conclusion of the trial, judgment was reached that the district was not authorized to call for an election for the consideration of an ad valorem tax within the municipal limits of Abbeville for

the purposes of hurricane protection and/or drainage because Abbeville's special legislative charter prohibited this action. The district appeals this judgment, raising a single assignment of error.

## DISCUSSION OF THE MERITS:

In its sole assignment of error, the district contends that the trial court committed error finding that Abbeville's legislative charter prohibits it from calling for an ad valorem tax within Abbeville's municipal limits. We find no merit to this contention.

This assignment of error raises the issue of whether the trial court was legally correct in its interpretation and application of Section 6 of Abbeville's city charter in light of La.R.S. 39:562(N). As such, it raises a question of law. Questions of law are reviewed de novo to determine whether the lower court was legally correct. *A Fuselier Bonding Service, Inc. v. Perez*, 10-1416 (La.App. 3 Cir. 4/6/11), 62 So.3d 296.

Section 6 of Abbeville's city charter, in pertinent part, states:

[N]o tax shall be imposed upon the City of Abbeville by the police jury of the Parish of Vermilion, Louisiana, except for the building or repairing of a courthouse or jail, constructing or maintaining of hard-surfaced roads as herein set forth or for the maintaining and operation of a parish wide public library as herein set forth.

Based on the language cited above, the district concedes that the VPPJ is prohibited from calling for a parish election to consider the imposition of an ad valorem tax on all properties situated within Vermilion Parish for the purposes of improving flood protection, hurricane protection, and drainage. However, the district argues that it is a separate and distinct entity from the VPPJ, and the language in Abbeville's city charter above does not apply to it. The district bases its argument on its belief that it is a legislatively created entity rather than one created by the VPPJ and that its taxing authority comes from the Louisiana

2

Constitution and Statute. The district cites La.R.S. 39:562(N) (emphasis added) which states:

> Notwithstanding any contrary provisions of this Section, in any parish where the construction of pump and levee drainage systems are required in order to drain its territory, and the need for such construction has been verified by the Department of Transportation and Development, *the governing authority of such parish or any parish wide hurricane flood protection and drainage district ("district"), which district is hereby authorized to be created by and governed by such governing authority*, may incur debt and issue bonds for the purposes of constructing and improving levees and gravity and forced drainage works which, including the existing bonded debt of the parish or the district for such purposes, may exceed ten percent but shall not exceed twenty percent of the assessed valuation of the taxable property of such parish, including both:
>
> > (1) Homestead exempt property, which shall be included on the assessment roll for the purposes of calculating debt limitation; and
> >
> > (2) Nonexempt property as ascertained by the last assessment for any parish for local purposes prior to delivery of the bonds representing such debt, regardless of the date of the election at which such bonds were approved.

Our reading of this statute is that the district is created by "the governing authority of such parish," i.e., in this case, the VPPJ. Thus, the district's argument that it is created by and its taxing authority comes from the legislature is without merit.

We agree with the trial court that to hold otherwise is absurd. Should we give the interpretation as requested by the district, the VPPJ would have the ability to create entities and grant those entities powers that it does not have itself. Further, as succinctly stated by the trial court in its reasons for judgment:

> It would be absurd to believe that the authors of the [Louisiana] Constitution prohibited the Parish from levying and collecting taxes in the City, except for the following specified enumerated reasons: the building or repairing of a jail, constructing or maintaining hard surfaced roads, or maintaining a public library, and also authorized the Parish to create a special district to levy and collect those taxes for other purposes, and then allow the Parish to consolidate the Special

3

District and the Police Jury, meaning the Police Jury could create powers for itself by creating a special district that the Legislature did not authorize the Police Jury to exercise.

The district cites *Town of Church Point v. Acadia Parish Police Jury*, 03-1268 (La.App. 3 Cir. 9/19/03), 865 So.2d 755 to attempt to bolster its argument. We find this case distinguishable. In *Town of Church Point*, no prohibition of taxation was at issue as is the case here due to Section 6 of Abbeville's City Charter.

Given the above, we find no error in the trial court's judgment. Accordingly, we affirm the trial court's judgment.

## CONCLUSION:

The Vermilion Parish Hurricane Flood Protection and Drainage District, Louisiana appeals from the trial court's judgment that prohibits it from calling to an election an ad valorem tax to fund its purposes within the municipal limits of Abbeville, Louisiana. The Vermilion Parish Hurricane Flood Protection and Drainage District, Louisiana derives its power from the Vermilion Parish Policy Jury, which is prohibited from taxing within the municipal limits of Abbeville except for enumerated reasons listed in Section 6 of the Abbeville City Charter. The Vermilion Parish Hurricane Flood Protection and Drainage District, Louisiana's attempt to pass the ad valorem tax is not based on one of those enumerated reasons, thus, it is prohibited by Section 6 of the Abbeville City Charter. Accordingly, we find no error in the trial court's judgment. All costs of these proceedings are assessed to The Vermilion Parish Hurricane Flood Protection and Drainage District, Louisiana.

**AFFIRMED.**