GAIDRY, J.
|2In this case, a bail bondsman appeals a judgment dismissing his petition to nullify several judgments of bond forfeiture where he was not a party to the bond forfeiture proceedings and was not cast in judgment. We affirm.
FACTS AND PROCEDURAL HISTORY
On May 3, 2011, Ralph Stassi, a bail bondsman doing business in Ascension Parish, filed suit against the State of Louisiana, alleging that the State had improperly secured civil judgments of bond forfeiture against him[1] in three cases in which he had placed appearance bonds to secure the release of criminal defendants, and that the State recorded those judgments in the mortgage records of Ascension Parish pursuant to the provisions of La.C.Cr.P. art. 349.4. Mr. Stassi’s petition alleged the following deficiencies in the bond forfeiture proceedings: the State did not introduce all of the evidence required by La.C.Cr.P. art. 349.[2] at the bond forfeiture hearings; Mr. Stassi was cast in judgment without service of process or without proof of service of process as required by La. C.Cr.P. art. 344;[3] and, in some of the Leases, the notice of the signing of the *898 judgment of bond forfeiture was not mailed as required by La.C.Cr.P. art. S49.3.[4] As a result of these deficiencies, Mr. Stassi asked the court to declare the judgments of bond forfeiture null.
*897 E. Failure to give the notice required by this Article relieves the surety from liability *898 on a judgment of bond forfeiture for the nonappearance of the defendant on that particular date.
A hearing was held on August 22, 2011 on the State’s dilatory exceptions of lack of procedural capacity, vagueness, and ambiguity, and peremptory exceptions of no right of action, no cause of action, and res judicata. Because Mr. Stassi was never named as a defendant in the suits and was not cast in judgment,[5] the court ruled that he had no right of action |4to seek to nullify those judgments, and dismissed his suit with prejudice. Because of this ruling on the exception of no right of action, the court deemed the remaining exceptions moot.
Mr. Stassi appealed, alleging that the court erred in finding that he had no right of action to seek to nullify these judgments.
DISCUSSION
The exception raising the objection of no right of action tests whether the plaintiff who seeks relief is or is not the person in whose favor the law extends a remedy. La. C.C.P. art. 927(A)(6); Howard v. Administrators of Tulane Educ. Fund, 07-2224 (La.7/1/08), 986 So.2d 47, 59. This peremptory, exception is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. McPherson v. Foster, 03-2696, p. 12 (La.App. 1 Cir. 10/29/04), 889 So.2d 282, 291. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Taylor v. Babin, 08-2063 (La.App. 1 *899 Cir. 5/8/09), 18 So.3d 633, 637, writ denied, 09-1285 (La.9/25/09), 18 So.3d 76; Reese v. State Dep’t of Pub. Safety and Corr., 03-1615 (La.2/20/04), 866 So.2d 244, 246. The peremptory exception raising the objection of no right of action may be raised by either the trial or appellate court on its own motion. La. C.C.P. art. 927(B).
In his first assignment of error, Mr. Stassi argues that the fact that the law requires that notice of a judgment of bond forfeiture be given to the bail bondsman who posted the bond for the commercial surety, in addition to the notice to the commercial surety, means that the legislature obviously [ .^recognizes bail bondsmen as a class of persons that has a legal interest in bond forfeitures, and therefore it was error for the court to find that a bail bondsman has no right of action to seek to annul a judgment of bond forfeiture.
While the law does require certain notices to be given to a bail bondsman, a review of the law regarding bond forfeiture makes it clear that the legislature did not intend for the bail bondsman to have a legal interest in annulling the judgment of bond forfeiture. First, the law provides that a bail bondsman who represents the surety as an insurance agent shall not be solidarily liable for a bond forfeiture against the defendant and his sureties, and in the event that the bail bondsman is held solidarily liable, he may request to be released from the judgment, without any effect on the judgment of bond forfeiture against the defendant and his sureties. La.C.Cr.P. art. 349(C). Furthermore, the statutes providing the procedure for attacking judgments of bond forfeiture do not reveal an intent by the legislature for these procedures to be used by bail bondsmen. Louisiana Code of Criminal Procedure article 349.5, concerning annulment of judgments of bond forfeiture, states that defenses and actions in nullity relating to judgments of bond forfeiture may be asserted by the defendant and his sureties— no mention is made of the bail bondsman. Additionally, La.C.Cr.P. art. 349.6 provides for appeals from judgments of bond forfeiture by the defendant and his sureties— again, no mention of the bail bondsman. Mr. Stassi’s argument that the legislature must have intended for a bail bondsman to have a right of action to attack a judgment of bond forfeiture simply because notice of the signing of the judgment must be sent to the bail bondsman is not persuasive when viewed in light of the law as a whole.
| f,Mr. Stassi next argues that because he executed the bail bonds at issue in the forfeitures, and because he has a contract with his commercial surety which obligates him to indemnify the surety for any forfeitures, he has a right of action to seek to nullify the judgment of forfeiture. Mr. Stassi cites no authority for this proposition. The fact that Mr. Stassi may have contractually obligated himself to the surety, this does not bestow upon him the power to collaterally attack the judgment against the surety. Given that the legislature clearly did not intend for bail bondsmen to be liable for bond forfeitures on the original bond itself, Mr. Stassi was not a party to the forfeiture proceedings at issue herein, and Mr. Stassi was not cast in judgment in the bond forfeiture proceedings herein, we do not find that Mr. Stassi would be the party with a legal interest to seek to annul these judgments of forfeiture. This assignment of error is also without merit.
DECREE
The judgment dismissing Mr. Stassi’s petition with prejudice is affirmed. Costs of this appeal are to be borne by appellant, Ralph Stassi.
AFFIRMED.
HUGHES, J., dissents with reasons.

. Although Mr. Stassi alleges in his petition that judgments of bond forfeiture were rendered against him, it was undisputed at the hearing of this matter, and Mr. Stassi admits in his appellate brief, that he was not a party to the bond forfeiture proceedings and was not cast in judgment.

. Louisiana Code of Criminal Procedure article 349.2 provides, in pertinent part:
A.Upon motion of the prosecuting attorney, and upon proof of the bail contract, the power of attorney if any, notice to the defendant and the surety as required by Article 344, and the defendant’s failure to appear as required, a bond shall be forfeited and a judgment of bond forfeiture shall be signed.

. Louisiana Code of Criminal Procedure article 344 provides:
A. When a bail bond fixes an appearance date, the defendant appears as ordered, and notice of the next appearance date is given to the defendant, no additional notice of that appearance date is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety.
B. When a bail bond does not fix the appearance date, written notice of the time, date, and place the defendant is first ordered by the court to appear shall be given to the defendant or his duly appointed agent and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety.
C. If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the defendant or his duly appointed agent, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
D. Notice required pursuant to the provisions of this Article to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety shall be made to the address provided pursuant to Article 322. Notice may be:
(1) Delivered by an officer designated by the court at least two days prior to the appearance date.
(2) Mailed by United States first class mail at least five days prior to the appearance date.

. Louisiana Code of Criminal Procedure article 349.3 provides, in pertinent part:
(1) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt affixed thereto to the defendant, the personal surety, the agent or bondsman who posted the bond for the commercial surety, and the commercial surety at the addresses designated in Article 322. Notice to the commercial surety shall include the power of attorney number used to execute the bond without which the bond obligation of the commercial surety shall be suspended until the power of attorney number is supplied, provided the commercial surety provides notice to the clerk of court who mailed the notice to the surety of the failure to include such number in the notice by certified mail not later than thirty days following receipt of notice of the judgment. If the power of attorney number is not provided to the commercial surety within thirty days after the date of receipt by the clerk of court of the notice that it was not included in the notice of the judgment, the commercial surety shall be released from the bond obligation.
* * * * * *
B. After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
C. Failure to mail notice of the signing of the judgment within sixty days after the defendant fails to appear shall release the sureties of all obligations under the bond.

. As noted previously herein, while there is no evidence in the record before us that Mr. Stassi was not a party to the forfeiture proceedings and was not cast in judgment, Mr. Stassi admitted at the hearing and in his appellate brief that he was not a party and was not cast in judgment in the forfeiture proceedings.