STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-815

STATE OF LOUISIANA

VERSUS

MARLIN JAMES JENKINS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12173-10
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

AFFIRMED.

Sharon Renea Darville-Wilson
Attorney at Law
1827 Ryan Street
Lake Charles, La 70601
(337) 433-6067
COUNSEL FOR DEFENDANT APPELLEE:
    M. J. J.

**Carla Sue Sigler**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLANT:**
      **State of Louisiana**

**Brent A. Hawkins**
**ADA 14th JDC**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLANT:**
      **State of Louisiana**

**SAUNDERS, Judge.**

This case deals with whether an individual charged with multiple felonies that were subsequently *nolle prossed* was entitled to expungement of his arrest record under La.R.S. 44:9(B). The trial court granted the individual's motion for expungement. The State appealed. We affirm.

## FACTS AND PROCEDURAL HISTORY:

Linda Moore died by homicide on or about January 15, 2010. On March 4, 2010, Marlin James Jenkins (Jenkins) was charged by bill of indictment by the Calcasieu Parish grand jury with three counts of aggravated rape and one count of second degree murder. On April 30, 2010, Jenkins waived a reading of the bill of information, entered a plea of not guilty, and requested a trial by jury. On May 23, 2011, the State *nolle prossed* the aggravated rape and second degree murder charges because the DNA found in Moore did not match Jenkins' DNA.

On August 16, 2011, Jenkins filed a motion for expungement. A hearing on the matter was held on September 28, 2011. Over the State's objection, the trial court granted Jenkins' motion. The State filed a writ application with this court wherein we denied the writ because the trial court's expungement ruling was a final, appealable civil judgment. Thereafter, the State filed this appeal citing a single assignment of error.

## DISCUSSION OF THE MERITS:

In its sole assignment of error, the State contends that the trial court erred in granting Jenkins' motion for expungement of his felony arrest record when he remains a prime suspect in a second degree murder case. We find no merit to this contention.

This assignment of error raises the issue of whether the trial court was legally correct in its interpretation and application of La.R.S. 44:9(B). As such, it

raises a question of law. Questions of law are reviewed de novo to determine whether the lower court was legally correct. *A Fuselier Bonding Serv., Inc. v. Perez*, 10-1416 (La.App. 3 Cir. 4/6/11), 62 So.3d 296.

Louisiana Revised Statutes 44:9(B) states:

(1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:

(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and

(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.

(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official seeking to ascertain or confirm the qualifications of any person for any privilege or license authorized by law.

In this case, Jenkins was arrested for felony offenses, aggravated rape and second degree murder. Based on the DNA evidence excluding Jenkins, the district attorney's office dismissed all charges against Jenkins, stating:

So we are [*nolle prossing*] the second-degree murder and the three counts of aggravated rape. But what I'd like to make sure, so that there's nothing missing within the Court's records or the sheriff's records, is that all matters [Jenkins] was arrested under, which was first-degree murder, aggravated rape, second-degree robbery, aggravated rape, aggravated rape and another second-degree aggravated rape, that they show those should all be dismissed or rejected.

2

As such, it is clear that Jenkins was arrested for numerous felonies, and the district attorney eventually dismissed the charges for those felonies. Thus, according to the clear and explicit language of La.R.S. 44:9(B), Jenkins' arrest record is ripe for expungement, and the clear statutory language, i.e., the use of "shall," mandates the trial court's actions.

The State's argument against allowing Jenkins' arrest record to be expunged is that he remains the prime suspect in the still open investigation of the homicide of Linda Moore. According to the State, an additional caveat exists that the arrest record must be without substantial probative value as a prior act for any subsequent prosecution, and should Jenkins be arrested again for the murder of Moore, his prior arrest would be highly probative evidence.

We find no merit to this argument. Any subsequent arrest and prosecution of Jenkins would not be hindered by this expungement. Further, the trial court limited the expungement to exclude investigatory reports and notes held by law enforcement.

Given the above, we find no error by the trial court. Accordingly, we affirm the trial court's judgment.

## CONCLUSION:

The State raised a single assignment of error, the trial court erred in granting Marlin James Jenkins' motion for expungement of his felony arrest record when he remains a prime suspect in a second degree murder case. We find no merit to this assignment of error. All costs of these proceedings are to be paid by the State in the amount of $___.__.

**AFFIRMED.**

3