# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1134

**STATE OF LOUISIANA**

**VERSUS**

**LEXINGTON NATIONAL INSURANCE CORP., ET AL.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85,453 DIV. A
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.

**REVERSED AND RENDERED.**

**Asa Skinner**
**District Attorney – 30th Judicial District Court**
**Edwin Louis Cabra**
**Assistant District Attorney – 30th Judicial District Court**
**Terry Lambright**
**Assistant District Attorney – 30th Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71446**
**Telephone: (337) 239-2008**
**COUNSEL FOR:**
> **Plaintiff/Appellee - State of Louisiana**

**Elizabeth B. Carr**
**518 N. Pine Street**
**P. O. Box 489**
**DeRidder, LA 70634**
**Telephone: (337) 462-0473**
**COUNSEL FOR:**
> **Defendants/Appellants - Frank A. Stephens, Megan Erwin, Keith Dixon,**
> **Barbara Kaveski, George Winkley, and Frank's Bail Bond Services**

**Lexington National Insurance Corp.**
**Through the Secretary of State**
**8585 Archives Avenue**
**Baton Rouge, LA 70809**
**COUNSEL FOR:**
  **Defendant/Appellee - Lexington National Insurance Corp.**

**THIBODEAUX, Chief Judge.**

In efforts to enforce numerous unpaid bond forfeiture judgments, the State of Louisiana filed a petition for rule to show cause why a commercial surety and its bondsmen agents should not be prohibited from executing bail bonds until the judgments are paid. The trial court held that the forfeiture judgments were valid and enforceable and granted the State's petition. The bondsmen agents appealed. The judgment is final against the commercial surety as it never appealed. However, as there is no legal cause of action against the bondsmen under the terms of the bond forfeiture statute, La.R.S. 15:85, we reverse the trial court's judgment against the bondsmen defendants.

## I.

### ISSUE

We shall consider whether the trial court erred in finding numerous bond forfeiture judgments valid and enforceable against both a commercial surety and its bondsmen agents.

## II.

### FACTS AND PROCEDURAL HISTORY

Faced with unpaid bond forfeiture judgments from six criminal cases dating from 2009 through 2010, the State of Louisiana filed a petition for rule to show cause on September 20, 2011, why the defendant surety, Lexington National Insurance Corporation, should not be prohibited from executing bail bonds within Vernon Parish until the judgments, including legal interest and court costs, are paid in full in accordance with La.R.S. 15:85. The State also named Lexington's

bondsman, Frank's Bail Bond Services, and its agents, Frank A. Stephens, Megan Erwin, Keith Dixon, Barbara Kaveski, George Winkley, as defendants (hereinafter collectively referred to as "the bondsmen").

Prior to the rule to show cause hearing on September 7, 2012, the forfeiture judgments from two of the criminal cases were paid in full, leaving only the judgments from four cases at issue. While Lexington never challenged these bond forfeiture judgments, the bondsmen argued that the judgments were invalid due to various violations of the statutory notice requirements under La.R.S. 15:85 and La.Code Crim.P. art. 344.[1] The trial court held that the forfeiture judgments from all four criminal cases were valid and enforceable, reasoning that the statutory notice requirements were met. The bondsmen now appeal the trial court's ruling.

III.

## STANDARD OF REVIEW

This case involves the interpretation of the Louisiana bond forfeiture statute and the applicable sections of the Louisiana Code of Criminal Procedure. The interpretation and application of the statutes are matters of law subject to a de novo standard of review. *See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 06-582 (La. 11/29/06), 943 So.2d 1037; *State v. Nellon*, 12-1429 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115.

---

[1]The forfeiture judgments for three of the criminal cases in question were finalized prior to August 15, 2010 when amendments to La.R.S. 15:85 and La.Code Crim.P. art. 344 went into effect. As such, the arguments alleged by the defendants for these forfeiture judgments are based on the statutory language in effect at the times of the specific final judgments.

IV.

## LAW AND DISCUSSION

While the bondsmen raise numerous arguments regarding improper notice of the bond forfeiture judgments, a proper reading of the applicable statutes indicates that the court need not address these issues in resolving this appeal. Louisiana Revised Statutes 15:85(A)[2] states that if a bond forfeiture is not satisfied, "the prosecuting attorney may file with the district court, in the parish where the bond is forfeited, a rule to show cause why that *commercial surety company* should not be prohibited from executing criminal bail bonds before the court issuing the judgment of bond forfeiture." (Emphasis added). Louisiana Code of Criminal Procedure Article 344(E)[3] further states that "[f]ailure to give the notice required . . . relieves the *surety* from liability on a judgment of bond forfeiture for the nonappearance of the defendant[.]" (Emphasis added). The statutory language clearly specifies that only the surety may be held liable for bond forfeiture judgments and subject to a rule to show cause petition.

Here, the bondsmen are not the surety of the bonds; they are merely agents to the surety and have no obligations under the statutory language. As Lexington, the surety, failed to timely appeal any of the forfeiture judgments or the rule to show cause judgment, the judgments are valid and enforceable against Lexington. However, the State's petition for rule to show cause against the bondsmen is subject to an exception of no cause of action. In *Fink v. Bryant*, 01-

---

[2]The citation for the law in effect prior to August 15, 2010 is La.R.S. 15:85(11)(a). The quoted language remained unchanged, in pertinent part, by the amendments.

[3]This citation for the law in effect prior to August 15, 2010 is La.Code Crim.P. art. 344(B)(4). In this version, the language reads "[f]ailure to give notice, as required by this Paragraph, relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance[.]"

987, pp. 3-4 (La. 11/28/01), 801 So.2d 346, 348-49 (citations omitted), the supreme court offered some guidance as to the purpose of the no cause of action exception:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true . . . Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

Considering the statute does not allow for a petition to be issued against the bondsmen as the surety's agents, the State's petition fails to present a claim against the bondsmen upon which relief can be granted. While the parties never raised the peremptory exception of no cause of action, we do so by our own motion in accordance with La.Code Civ.P. art. 927(B) and dismiss all of the State's claims against the bondsmen and their agents.

While not dispositive of the case, the State argued on appeal that the bondsmen could not raise the defenses of improper notice as they have no right of action to challenge the notice requirements as the agents to the surety. We feel it necessary to clarify why this is an improper application of the law. While an exception of no cause of action focuses on the claim and questions whether the law provides a remedy, an exception of no right of action focuses on the parties and is used "to raise the question of whether a given legal remedy may be invoked by a

4

*particular plaintiff or class of plaintiffs.*" *Honeywell, Inc. v. Sierra*, 543 So.2d 594, 596 (La.App. 4 Cir. 1989) (emphasis added). The no right of action exception "cannot be used to determine whether a defendant can stand in judgment or to urge that plaintiff has no right of action because there is a valid defense." *Id.* While there is case law to support the notion that the bondsmen are subject to an exception of no right of action in nullity suits to combat bond forfeiture judgments,[4] this case is distinguishable as this is not a nullity action and the bondsmen are not plaintiffs. Here, the State, acting as the plaintiff, clearly has a statutory right under La.R.S. 15:85 to file a rule to show cause to enforce bond forfeiture judgments, and, as such, the exception of no right of action lacks merit.

V.

## CONCLUSION

For the foregoing reasons, we reverse the judgment against Frank's Bail Bond Services, Frank A. Stephens, Megan Erwin, Keith Dixon, Barbara Kaveski, and George Winkley, and dismiss all claims against them. Costs are assessed against the State of Louisiana in the amount of $1,752.93.

**REVERSED AND RENDERED.**

---

[4] *See Stassi v. State*, 11-2264 (La.App. 1 Cir. 9/13/12), 102 So.3d 896.