# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-880

**STATE OF LOUISIANA**

**VERSUS**

**TREY CHARLES MILLER, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 143018
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.

**APPEAL ON BEHALF OF CAJUN BAIL BONDS DISMISSED; JUDGMENT OF THE TRIAL COURT AFFIRMED.**

**Randy J. Lasseigne**
**Post Office Box 5313**
**Lafayette, Louisiana 70502-5313**
**(337) 233-1720**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Bankers Insurance Company**
    **Cajun Bail Bonds**

**Keith Stutes**
**District Attorney – Parish of Lafayette**
**Emilia Salas Pardo**
**Assistant District Attorney**
**800 South Buchanan Street**
**Lafayette, Louisiana 70501**
**(337) 237-5929**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**CONERY, Judge.**

Bankers Insurance Company and Cajun Bail Bonds appeal the denial by the trial court of their Motion to Be Relieved of Bond Obligation on the basis that the surety, Bankers Insurance Company, was not provided with proper notice of the Judgment of Bond Forfeiture by the clerk of court's office.[1]  For the following reasons, we dismiss the appeal on behalf of Cajun Bail Bonds and affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

### *Appellate Jurisdiction*

On May 7, 2015, the trial court issued oral reasons denying the Motion to Be Relieved of Bond Obligation filed on behalf of Bankers and Cajun.  Bankers filed a devolutive appeal pursuant to La.Code Civ.P. art. 349.6(B).  Louisiana Code of Civil Procedure Article 349.6(B) requires that a devolutive appeal "shall be perfected within one hundred twenty days after the date of mailing the notice of signing the judgment."

When the appeal by Bankers was filed on June 16, 2015, the record did not contain the required written and signed final judgment of the trial court pursuant to La.Code Civ.P. art. 1911.  Louisiana Code of Civil Procedure Article 1911 applies to final judgments under La.Code Civ.P. art. 2083, and requires that "every final judgment shall contain the typewritten or printed name of the judge and be signed

---

[1] The judgment of bond forfeiture, which Bankers and Cajun seek to have overturned on appeal, named as defendants, Trey C. Miller, as principal, and Bankers, as the surety on the appearance bond.  Cajun was not a named defendant, and therefore has no right to appeal.  This court is bound to review the record and has the authority to notice on its own motion pursuant to La.Code Civ.P. art 927(B) whether a party has a right or interest in this appeal.  See *State v. Lexington Nat, Ins. Corp.*, 13-1134 (La.App. 3 Cir. 3/15/14), 134 So.3d 230, which held "that only the surety [Bankers] may be held liable for bond forfeiture judgments . . . the bondsmen [Cajun] are not the surety of the bonds, they are merely agents to the surety and have no obligations under the statutory language.  ]

by the judge." Further, La.Code Civ.P. art. 1911(B) states, in pertinent part, "no appeal may be taken from a final judgment until the requirements of this Article have been fulfilled."

On August 28, 2015, the record in this case was returned to the clerk of court for the Fifteenth Judicial District Court, with correspondence, requiring the following action be taken by the clerk's office, "You are to add the Judgment of May 7, 2015 and a notice of judgment (if there is one)." The clerk of court Fifteenth Judicial District Court promptly responded and placed into the record on appeal a signed final written judgment and notice of judgment dated August 31, 2015.

Although the original appeal lodged on June 16, 2015 was premature, the supreme court in *Overmier v. Traylor*, 475 So.2d 1094, 1095 (1985) (footnote omitted), stated:

> The correct interpretation of [La.Code Civ.P. art.] 1911 is that an appeal granted before the signing of a final judgment is subject to dismissal *until* the final judgment is signed. However, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal.
>
> This court has consistently recognized that appeals are favored in law. *Traigle v. Gulf Coast Aluminum Corp.,* 399 So.2d 183 (La.1981). Moreover, the Code of Civil Procedure mandates that "(t)he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." La.C.C.P. Art. 5051.

Having determined that this court has the required appellate jurisdiction as to Bankers Insurance Company, we will now proceed to the merits of the appeal.

2

### Issue on Appeal

On January 9, 2014, Trey C. Miller was charged with theft of jewelry valued over $500.00, but less than $1,500.00, in violation of La.R.S. 14:67(B)(2).[2] Mr. Miller's bond amount was fixed at $5,000.00, and his Appearance Bond was posted by Bankers as "Surety," and Cajun as "Agent." The Appearance Bond stated that Mr. Miller would appear at all court proceedings through the pronouncement of sentence.[3]

On February 25, 2014, Mr. Miller failed to appear in court as ordered to answer to the theft charge lodged against him. The trial court issued a fugitive warrant for Mr. Miller and ordered that the appearance bond previously set at $5,000.00 be forfeited. The State introduced the entire Clerk's file into the record, which contained the returns of service of the notice of arraignment date on all the parties, as well as the Appearance Bond.

In connection with the Appearance Bond, the Sheriff's Office's "BOND ATTACHMENT" and Bankers' "POWER OF ATTORNEY" were filed in the record. The power of attorney, dated June 10, 2013, and signed by Wilbur L. Martin IV, President, referenced Bankers' bond number 580156698-3 for Mr. Miller, and Bankers' address, Post Office Box 33015, St. Petersburg, Florida 33733. The Bankers' power of attorney states, in pertinent part, the authority granted to its Agent:

> [Bankers] does constitute and appoint, and by these presents does make, constitute and appoint below named agent its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety,

---

[2] Louisiana Revised Statutes 14:67 was revised effective August 1, 2014.

[3] Appearance Bond Number: 704515D was filed on January 17, 2014. Mr. Miller, by signing, agreed to the following, "I hereby specifically agree to appear in Court **on when Notified**."

a bail bond only. Authority of such Attorney-In-Fact is limited to appearance bonds[.]

On March 25, 2014, an Assistant District Attorney for the Fifteenth Judicial District Court filed a Judgment of Bond Forfeiture, naming as defendants "Trey C. Miller" as principal and "Bankers Insurance Company" as surety, which was signed by the trial court on March 27, 2014. The Judgment of Bond Forfeiture requested service be made on Bankers at the address listed on their power of attorney documentation, Post Office Box, 33015, St. Petersburg, Florida, 33733. The Judgment of Bond Forfeiture listed the identical bond number for Mr. Miller, as listed on Bankers' power of attorney, 580156698-3.

Pursuant to La.Code Crim.P. art. 349.3(B), the clerk of court, on April 7, 2014, executed an affidavit of mailing of the Judgment of Bond Forfeiture to Bankers on April 4, 2014. The return receipt, also a part of the record on appeal, reflects the Judgment of Bond Forfeiture was received by Bankers on April 7, 2014, at the address listed on Bankers' power of attorney, Post Office Box, 33015, St. Petersburg, Florida, 33733.

On October 1, 2014, Bankers filed a "Motion To Be Relieved Of Bond Obligation." Bankers claimed the clerk of court had mailed the notice of judgment of bond forfeiture to the wrong address. Instead of mailing the notice of judgment to the address listed for Bankers on the power of attorney, according to Bankers, the clerk should have mailed the notice to the handwritten address on the appearance bond. It is undisputed that the address for Bankers had been "whited out" on the Appearance Bond and changed from Post Office Box 33015 to Post

4

Office Box 15707 by Bankers' Agent, Cajun. Therefore, Bankers argued that it had not received proper notice as required by La.Code Crim.P. art. 349.3.[4]

Upon a request from Bankers, a rule to show cause on its motion was fixed for May 7, 2015.[5] At the hearing on May 7, 2015, counsel for both parties informed the trial court that the only remaining issue was Bankers' compliance with La.Code Crim.P. art. 349.3, which references La.Code Crim.P. art. 322. More specifically, counsel agreed that La.Code Crim.P. art. 349.3(A)(1) required that, "The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt affixed thereto to . . . the commercial surety at the address designated in Article 322[.]"

Louisiana Code of Criminal Procedure Article 322(A) provides, "A commercial surety shall inscribe its proper mailing address on the face of the power of attorney used to execute the bond." Further, La.Code Crim.P. art. 322(B) (emphasis added) provides, "Each address provided pursuant to Paragraph A of this Article *shall be conclusively presumed to continue for all proceedings on the bond until the party providing the address changes it by filing a written declaration in the proceeding for* which *the bond was filed.*"

Pursuant to La.Code Crim.P. art. 343.3 (A)(1) and La.Code Crim.P. art. 322 (A), the clerk of court sent the notice of judgment to Bankers at the address shown on the Power of Attorney, which granted Cajun, as their agent, authority to execute

---

[4] In their motion to be relieved of bond obligation, Bankers also cited, in the alternative, La.Code Crim.P. art. 344, as a basis of relief from the bond obligation. Bankers' alternative argument under La.Code Crim.P. art. 344 was neither argued to the trial court nor briefed to this court on appeal, thus it is considered abandoned. Uniform Rules—Court of Appeal, Rule 2-12.4 (B)(4).

[5] In the interim, Mr. Miller surrendered to authorities and a new bond was fixed. An Appearance Bond was issued by another company. By all accounts he is presently represented by counsel and has appeared as ordered by the Court.

the Appearance Bond. It is undisputed that Cajun, as Bankers' agent, executed the change of Bankers' address on the Appearance Bond by "whiting out" Bankers' address on the Power of Attorney. Therefore, Bankers' claims the clerk of court should have sent the notice of judgment to Bankers at the new address on the Appearance Bond. Bankers' urges that Cajun's "whiting out" of the old address on the Appearance Bond constituted the filing of "a written declaration in the proceeding for which the bond was filed, pursuant to La.Code Crim.P. art. 322(B)."

After a review of Bankers' Power of Attorney, the Appearance Bond, the pertinent Code of Criminal Procedure Articles, and argument of counsel, the trial court stated on the record at the hearing:

THE COURT: Well—But here's the problem. It says – It says: "The commercial surety shall inscribe its proper mailing address on the face of the power of attorney used to execute the bond."

THE COURT: And so, I mean, that's where they're supposed to do it. And it says: "Each address provided pursuant to Paragraph A--" which is on the bond "-- shall be conclusively presumed to be continuing for all proceedings on the bond until the party filing the address changes it by filing a written declaration in the proceeding for which the bond was filed."

Well, the party would be the -- in this case, the commercial surety. And so I don't see where they made any sort of written declaration.

MR. LASSEIGNE: And, Your Honor -- But they did change it on the appearance bond. And he did sign as the agent.

THE COURT: Well, I understand that. But you know, the clerk -- the clerk is allowed to follow 322 in giving notice.

And so they have a right to look at the power of attorney and see what the address is and use that

6

address, unless the surety - - the commercial surety makes a written declaration.

And I don't think the whiting out on an appearance bond by an agent is going to suffice. So I think proper notice was given.

As previously discussed, a formal final judgment denying the motion to be relieved of bond obligation was signed the trial court and noticed by the clerk's office on August 31, 2015, from which Bankers now appeals.

## ASSIGNMENT OF ERROR

Bankers assert the following assignment of error on appeal:

(1) Denial of the Motion to be Relieved of Bond Obligation based upon the Court's ruling that the suretys'(sic) written address declaration on the appearance bond was not a declaration of a change of address in accordance with Louisiana Code of Criminal Procedure Article 349.3

## DISCUSSION

*Standard of Review*

The case involves the interpretation of the Articles of the Louisiana Code of Criminal Procedure applicable to bond forfeiture, more specifically La.Code Crim.P. arts. 349.3 and 322, which control the notice required in order for the State to perfect a bond forfeiture. "The interpretation and application of the statutes are matters of law subject to a de novo standard of review." *State v. Lexington Nat, Ins. Corp.*, 13-1134, p. 2 (La.App. 3 Cir. 3/15/14), 134 So.3d 230, 232. "[T]he law in effect at the time of bond forfeiture is what applies." *State v. Adkins*, 613 So.2d 164, 166 (La. 1993) (per curium).

A panel of our sister circuit in *State v. Johnson*, 13-133, pp. 3-4 (La.App. 1 Cir. 11/1/13), 136 So.3d 15, 17-18, succinctly summarized the jurisprudence which governs our review of a bond forfeiture:

7

The general rule is that bond forfeitures are not favored *State v. Bailey,* 567 So.2d 721, 724 (La.App. 2 Cir.1990). A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules as set forth in the Code of Criminal Procedure. *State v. Likens,* 577 So.2d 285, 289 (La.App. 3 Cir. 1991), *writ denied,* 580 So.2d 386 (La.1991). In order to obtain a judgment of bond forfeiture against a surety, the State must strictly comply with the terms of the statutory provisions regulating bond forfeitures. *Bankers Insurance Company v. State,* 37-080, p. 4 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644, *writ denied,* 2003-1240 (La.6/27/03), 847 So.2d 1268.

The trial court found that the "whiting out on an appearance bond by an agent" would not suffice to satisfy the requirements of La.Code Crim.P. art. 322 (B), which requires a "written declaration" by Bankers, as surety, of a change of address be filed in the record of the proceedings.

We agree that a handwritten change of address on the Appearance Bond fails to evidence a "written declaration" by Bankers that they have a new address, especially in light of the requirement in La.Code. Crim.P. art. 349.3 that states, "The notice of the signing of the judgment *shall* be mailed by United States certified mail with return receipt affixed thereto to . . . the commercial surety at the addresses designated in Article 322[.]" (Emphasis added.)

The mandatory language in La.Code Crim.P. art. 349.3, coupled with the mandatory language of La.Code Crim.P. art. 322(A), requires, "A commercial surety *shall inscribe its proper mailing address on the face of the power of attorney used to execute the bond.*" (Emphasis added.) The use of the mandatory shall language, as the trial court found, would not allow the use of "whiteout" and a "handwritten address change" by Cajun, as Bankers agent on the Appearance Bond, to overcome the presumption and satisfy the requirements of the "written declaration" required by La.Code Civ.P. art. 322(B).

8

The trial court further found that the clerk of court could rely on the address given by Bankers on the Power of Attorney in sending notice, and we agree the article so provides. Additionally, the return receipt attached by the clerk of court to the judgment of bond forfeiture was signed by Bankers on April 7, 2015. Thus, it is undisputed that Bankers received actual notice of the judgment.

After conducting a de novo review of the record and considering the provisions of both La.Code Crim.P. arts. 349.3 and 322, we affirm the trial court's judgment of August 31, 2015, in its entirety.

## CONCLUSION

Based on the foregoing, we affirm the August 31, 2015 formal final judgment of the trial court denying Bankers Insurance Company Motion To Be Relieved of Bond Obligation. The appeal on behalf of Cajun Bail Bonds is dismissed in its entirety. Costs of this appeal are to be assessed to Bankers Insurance Company.

**APPEAL ON BEHALF OF CAJUN BAIL BONDS DISMISSED; JUDGMENT OF THE TRIAL COURT AFFIRMED.**