STATE OF LOUISIANA

VERSUS

JARROD DEMPSTER

NO. 20-KA-67

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 16,588, DIVISION "D"
HONORABLE M. LAUREN LEMMON, JUDGE PRESIDING


July 29, 2020


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.


**ORDER OF EXPUNGEMENT REVERSED**
    **HJL**
    **SJW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE, BUREAU OF
CRIMINAL IDENTIFICATION AND INFORMATION
    Jeremiah J. Sams
    Adrienne E. Aucoin

COUNSEL FOR DEFENDANT/APPELLEE,
JARROD DEMPSTER
    Maria M. Chaisson

**LILJEBERG, J.**

In this appeal, the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information ("the Bureau") seeks review of the trial court's September 11, 2019 Order granting defendant's Motion for Expungement. For the following reasons, we reverse the trial court's Order granting expungement of defendant's records pertaining to his arrest and conviction for aggravated criminal damage to property.

**STATEMENT OF THE CASE**

On December 20, 2016, defendant, Jarrod Dempster, pleaded guilty to one count of aggravated criminal damage to property, a violation of La. R.S. 14:55. After defendant waived sentencing delays, the trial court sentenced him to two years at hard labor, with the sentence deferred pursuant to La. C.Cr.P. art. 893. The trial court also ordered that defendant serve two years of active probation, with several conditions of probation imposed, and three days in parish prison, with credit for time served. During sentencing, the trial court stated, in pertinent part, "you can get this expunged off of your record and set aside after you finish with your probation successfully." Neither the assistant district attorney nor defendant objected to the sentence, and no one challenged the trial court's statement that defendant could have the matter set aside and expunged from his record after successful completion of probation.

On January 31, 2019, defendant filed a Motion to Set Aside Conviction and Dismiss Prosecution, which was granted by the trial court on February 5, 2019. The Order of Dismissal indicates that defendant's conviction and sentence "is set aside and the prosecution dismissed for purposes of expungement."

Also on January 31, 2019, defendant filed a Motion for Expungement in which he sought expungement of the records of his arrest and conviction for

aggravated criminal damage to property and his arrest for three additional charges of aggravated criminal damage to property that did not result in convictions. In his motion, defendant requested expungement of his records pursuant to La. C.Cr.P. art. 978(A)(1), which provides that, except as otherwise provided in Paragraph B of the article, a defendant may have the record of his arrest and conviction for a felony offense expunged if the conviction has been set aside and the prosecution dismissed pursuant to La. C.Cr.P. art 893(E). In an order dated February 5, 2019, the trial court ordered the district attorney, the arresting law enforcement agency, and the Bureau to file a "motion to object" if they objected to defendant's Motion for Expungement.

The St. Charles Parish District Attorney Office and the St. Charles Parish Sheriff's Office filed an Affidavit of Response indicating they had no opposition to the expungement request. However, the Bureau filed an Affidavit of Response indicating that it opposed defendant's request for expungement of the records of his arrest and conviction for aggravated criminal damage to property.

On September 11, 2019, a contradictory hearing was held on defendant's Motion for Expungement, and the trial court granted defendant's motion as to his arrest and conviction for criminal damage to property and his arrests for three additional counts of criminal damage to property. The Bureau appeals.

## LAW AND DISCUSSION

On appeal, the Bureau argues that the trial court erred by granting defendant's Motion for Expungement of the records of his arrest and conviction for aggravated criminal damage to property.[1] The Bureau asserts that aggravated criminal damage to property is a crime of violence and that La. C.Cr.P. art. 978(B)(1) prohibits the expungement of the records of an arrest and conviction for

---

[1] The Bureau does not challenge the expungement of the records of defendant's arrests for the three additional charges of aggravated criminal damage to property that did not result in convictions.

a crime of violence unless the requirements of La. C.Cr.P. art. 978(E) have been met. The Bureau contends that the requirements of La C.Cr.P. art. 978(E) have not been met in this case, and thus, the Motion for Expungement should not have been granted as to defendant's arrest and conviction for aggravated criminal damage to property.

Defendant responds that when he pleaded guilty to aggravated criminal damage to property, the written guilty plea form specifically provided that the assistant district attorney agreed to an "Article 893 plea" and deferred sentence for an enumerated crime of violence. He claims that this form qualifies as a "written recommendation to the court that the offense should not be designated as a crime of violence," pursuant to La. C.Cr.P. art. 890.3(A),[2] because this written recommendation was inherent to the plea agreement since defendant would not have been entitled to an "Article 893 plea" and deferred sentence without such a recommendation. Defendant contends that because the offense was not designated as a crime of violence per La. C.Cr.P. art. 890.3(A), La. C.Cr.P. art. 978(B)(1), which applies to crimes of violence, does not apply herein. He further argues that even if aggravated criminal damage to property is considered a crime of violence in this matter, La. C.Cr.P. art. 978(B)(1) does not apply because his conviction was set aside under La. C.Cr.P. art. 893(E)(2), which provides that the setting aside of a conviction and dismissal of prosecution has the same effect as acquittal.

This case involves the interpretation of the Louisiana Code of Criminal Procedure articles pertaining to expungement. The interpretation and application

---

[2] La. C.Cr.P. art. 890.3(A) provides:

    A. Except as provided in Paragraph C of this Article, when a defendant is sentenced for any offense, or the attempt to commit any offense, defined or enumerated as a crime of violence in R.S. 14:2(B), the district attorney may make a written recommendation to the court that the offense should not been designated as a crime of violence only for the following purposes:
        1) The defendant's eligibility for suspension or deferral of sentence pursuant to Article 893.
        2) The defendant's eligibility for participation in a drug division probation program pursuant to R.S. 13:5304.

of statutes and codal articles are matters of law subject to the de novo standard of review. *State v. George*, 19-280 (La. App. 5 Cir. 1/15/20), 289 So.3d 1192, 1195; *State v. Miller*, 15-880 (La. App. 3 Cir. 2/3/16), 215 So.3d 791 795. Whether a trial court was legally correct in its interpretation and application of the felony expungement statute is a question of law that is reviewed de novo, affording no deference to the trial court's decision. *State v. Merrill*, 14-530 (La. App. 3 Cir. 6/11/14), 140 So.3d 1237, 1239, *writ denied*, 14-1227 (La. 9/19/14), 149 So.3d 249; *State v. Jenkins*, 12-815 (La. App. 3 Cir. 12/12/12), 103 So.3d 1292, 1293, *writ denied*, 13-96 (La. 6/14/13), 118 So.3d 1081.

The starting point for interpretation of any statute is the language of the statute itself. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So.3d 1262, 1267. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9; *Id*. at 1267.[3]

The provisions pertaining to expungement of the records of arrests and convictions for felony offenses are found in La. C.Cr.P. art. 978, which provides in pertinent part:

A. **Except as provided in Paragraph B of this Article**, a person may file a motion to expunge his record of arrest and conviction of a felony offense if any of the following apply:

  (1) The conviction was set aside and the prosecution was dismissed pursuant to Article 893(E).

  (2) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that, to his

---

[3] In *Griffin*, *supra*, the Louisiana Supreme Court referenced La. C.C. art. 9 and stated that "[b]asic Civil Code concepts regarding interpretation of statutes are applicable to interpreting the Criminal Code." *Id*. at 1267 n.2 (citing *State v. Bennett*, 610 So.2d 120 (La. 1992)).

knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment.

(3) The person is entitled to a first offender pardon for the offense pursuant to Article IV, Section 5(E)(1) of the Constitution of Louisiana, provided that the offense is not defined as a crime of violence pursuant to R.S. 14:2(B) or a sex offense pursuant to R.S. 15:541.

B. No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record of arrest and conviction of a felony offense if the person was convicted of the commission or attempted commission of any of the following offenses:

(1) A crime of violence as defined by or enumerated in R.S. 14:2(B), unless otherwise authorized in Paragraph E of this Article.

\* \* \*

E. (1) Notwithstanding any other provision of law to the contrary, after a contradictory hearing, the court may order the expungement of the arrest and conviction records of a person pertaining to a conviction of aggravated battery, second degree battery, **aggravated criminal damage to property**, simple robbery, purse snatching, or illegal use of weapons or dangerous instrumentalities if all of the following conditions are proven by the petitioner:

(a) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction.
(b) The person has not been convicted of any other criminal offense during the ten-year period.
(c) The person has no criminal charge pending against him.
(d) The person has been employed for a period of ten consecutive years.

(2) The motion filed pursuant to this Paragraph shall include a certification from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment. The motion shall be heard by contradictory hearing as provided by Article 980.

(Emphasis added).

The language of this codal article is clear and unambiguous: a defendant who has his conviction set aside and prosecution dismissed pursuant to La. C.Cr.P. 893(E) may file a motion to expunge his record of arrest and conviction of a felony offense, **except as provided in Paragraph B of the article**. *See* La. C.Cr.P. art.

20-KA-67                                        5

978(A). It is apparent from the language used, as well as from the structure of the article, that the limitations provided in La. C.Cr.P. art. 978(B) apply to expungements otherwise authorized in La. C.Cr.P. art. 978(A).

Because his conviction was set aside under La. C.Cr.P. art. 893(E), defendant contends that he sought to expunge the records of his arrest and "effective acquittal," not an arrest and conviction for a felony offense. However, the language of La. C.Cr.P. art. 978 does not limit the application of Paragraph B based upon the "effect" of the dismissal of the prosecution.[4] La. C.Cr.P. art. 978(A) clearly mandates that "Paragraph B" applies even when a conviction has been set aside and the prosecution has been dismissed pursuant to La. C.Cr.P. art. 893(E).

Defendant also argues that La. C.Cr.P. art. 978(B)(1) does not apply because he pleaded guilty to an offense that was not designated as a crime of violence pursuant to La. C.Cr.P. 890.3(A). La. C.Cr.P. art. 978(B)(1) provides that no expungement of the record of an arrest and conviction for a felony offense shall be granted if the person is convicted of the commission or attempted commission of a crime of violence, as enumerated in La. R.S. 14:2(B), unless the provisions of La. R.S. 978(E) are met. Clearly, La. C.Cr.P. art. 978(B)(1) directs the court to look to La. R.S. 14:2(B) to determine whether a felony offense is a crime of violence for expungement purposes. The offense of aggravated criminal damage to property was among the enumerated crimes of violence set forth in La. R.S. 14:2(B) at the time of defendant's offense, and it has remained a crime of violence enumerated in La. R.S. 14:2(B) through the present time. *See* La. R.S. 14:2(B)(19). Further, La. C.Cr.P. art. 978(B)(1) does not carve out an exception for crimes of violence that

---

[4] La. C.Cr.P. art. 893(E)(2) provides, in pertinent part, that "[t]he dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a habitual offender except as provided in R.S. 15:529.1(C)(3)."

are not designated as such at the time of the plea. Based on the clear language of La. C.Cr.P. art. 978(B)(1), we find that the trial court's designation or non-designation of the offense as a crime of violence is immaterial for purposes of an expungement.

La. C.Cr.P. art. 978(B)(1) does allow expungement of the records for certain crimes of violence specifically enumerated in La. C.Cr.P. art. 978(E), including aggravated criminal damage to property, but only when all required conditions of La. C.Cr.P. art. 978(E) have been proven. In order to be eligible for an expungement of the records of his arrest and conviction for aggravated criminal damage to property, defendant had to prove all of the conditions set forth in La. C.Cr.P. art. 978(E), which are:

> (a) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction.
> (b) The person has not been convicted of any other criminal offense during the ten-year period.
> (c) The person has no criminal charge pending against him.
> (d) The person has been employed for a period of ten consecutive years.

In the present case, defendant pleaded guilty to one count of aggravated criminal damage to property on December 20, 2016. He was sentenced to two years at hard labor, deferred, and he was placed on two years of active probation. The trial court also ordered him to serve three days in parish prison. Clearly, satisfaction of the requirements of La. C.Cr.P. art. 978(E) is impossible at this point in time since ten years has not elapsed since defendant completed his sentence and/or period of probation.

Because we find that La. C.Cr.P. art. 978(B)(1) applies herein and that all of the conditions of La. C.Cr.P. art. 978(E) have not been proven, we find that the

trial court erred in granting defendant's Motion for Expungement and we must reverse the trial court's Order.

## ERRORS PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review did not reveal any errors requiring corrective action.

## DECREE

For the foregoing reasons, we reverse the trial court's September 11, 2019 Order granting expungement of the records pertaining to defendant's arrest and conviction for aggravated criminal damage to property.

**ORDER OF EXPUNGEMENT REVERSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 29, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-67

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE M. LAUREN LEMMON (DISTRICT JUDGE)
JEREMIAH J. SAMS (APPELLANT)          MARIA M. CHAISSON (APPELLEE)

### MAILED
ADRIENNE E. AUCOIN (APPELLANT)        HON. JOEL T. CHAISSON, II (APPELLEE)
ATTORNEY AT LAW                        DISTRICT ATTORNEY
LOUISIANA DEPARTMENT OF PUBLIC         TWENTY-NINTH JUDICIAL DISTRICT
SAFETY AND CORRECTIONS                 COURT
OFFICE OF STATE POLICE, BUREAU OF      POST OFFICE BOX 680
CRIMINAL IDENTIFICATION AND            HAHNVILLE, LA 70057
INFORMATION
POST OFFICE BOX 66614
BATON ROUGE, LA 70896